SMITH, Respondent, v. CRANIDES et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Philip S. Smith against Charles Cranides, James Sater, Peter Economy, and Henry McCullough. No opinion. Judgment of the municipal court affirmed, with costs.

---

SMITH, Appellant, v. McELWEE, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Edwin R. Smith against Alexander McElwee. Richard J. Morrison, for appellant. Nichols & Bacon (George Edwin Joseph, of counsel), for respondent.

PER CURIAM. The one issue in the case was whether or not the goods, for the price of which the action is brought, were sold to the defendant, or to a corporation known as "F. D. Anthony Company." It appears that there were two concerns having similar names, —one a firm known as "F. D. Anthony & Co.," and the other a corporation known as "F. D. Anthony Company." There was no claim that the goods had been sold to the firm, and consequently the question whether the plaintiff had refused to give credit to the firm of F. D. Anthony & Co. was irrelevant. If the inquiry had been whether, previous to the sales involved in this action, he had refused credit to the corporation, a different question would have been presented. The question whether the corporation was solvent was irrelevant, because, unless knowledge or notice of its insolvency was brought home to plaintiff before or at the time the sales were made, the fact could throw no light upon the question as to whom he intended to make the sale. The certificate of incorporation was at the most immaterial, and its admission cannot have hurt plaintiff, since the fact of the incorporation of the company had already been testified to by one of its officers. The verdict was justified by the evidence, and the judgment should not be disturbed. Judgment (69 N. Y. Supp. 751) affirmed, with costs.

---

SMITH, Appellant, v. WILCOX, Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Andrew H. Smith against Horatio R. Wilcox. No opinion. Judgment affirmed, with costs.

---

SOLOMON, Appellant, v. THIRD AVE. R. CO., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by David Solomon against the Third Avenue Railroad Company. A. H. Sarasohn, for appellant. Hoadly, Lauterbach & Johnson, for respondent.

PER CURIAM. The testimony of the plaintiff and his one witness was sufficient to make a prima facie case, and the case should therefore have been heard on the merits. The evidence tends to show that the car stopped on plaintiff's signal, and was started again without affording a reasonable opportunity for him to board it. Judgment reversed, and new trial ordered, with costs to abide event.

---

SOSOFSKY, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Meyer Sosofsky against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. A. H. Sarasohn, for respondent.

PER CURIAM. The plaintiff's ice wagon was compelled, in consequence of obstructions in the street, to go upon the defendant's track. A car coming up behind, the driver whistled, and plaintiff's driver immediately started to drive off the track, so as to allow the car to pass. Before the wagon had gone clear the car collided with it and caused the accident. This was all in plain daylight. It was attempted to be shown that there was a scale bar projecting six or seven inches behind the ice wagon, and that it was this that the car caught. The driver testified that he saw it plainly. While it may have been contrary to the ordinances to have the scale where it was, such violation did not justify the driver's negligence in catching it. The justice submitted the case to the jury in a charge which was even more favorable to defendant than it had a right to ask. Judgment affirmed, with costs.

---

SPROAT, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 24, 1901.) Action by William Sproat, an infant, by Elizabeth Stapleton, his guardian ad litem, against the Brooklyn Heights Railroad Company. No opinion. Judgment reversed on the ground that the damages are excessive, and new trial granted on condition that the defendant pay to the plaintiff within 20 days the costs of the trial and of this appeal.

GOODRICH, P. J., and WOODWARD, JENKS, and SEWELL, JJ., concur. HIRSCHBERG, J., dissents.

---

STALEY, Respondent, v. JOHNSON, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Albert Staley against Jerry Johnson, as administrator, etc. No opinion. Judgment and order affirmed, with costs.

WILLIAMS, J., not voting.